**Christian NDOLO, Petitioner,**

v.

**BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT, Respondent.**

**No. 04–5994–AG(NAC).**

United States Court of Appeals, Second Circuit.

June 8, 2006.

---

Christian I. Ndolo, pro se, Elizabeth, NJ, for Petitioner.

S. Carran Daughtrey, Assistant United States Attorney (James K. Vines, United States Attorney, on the brief), United States Attorney's Office for the Middle District of Tennessee, Nashville, TN, for Respondent.

Present WILFRED FEINBERG, GUIDO CALABRESI and JOSÉ A. CABRANES, Circuit Judges.

SUMMARY ORDER

Christian Ndolo, *pro se*, petitions for review of an October 26, 2004 order of the Board of Immigration Appeals ("BIA") af-

firming a June 7, 2004 decision of Immigration Judge ("IJ") Steven R. Abrams denying Ndolo's applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). Although the IJ did not issue a removal order, we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1). *See Kanacevic v. INS*, 448 F.3d 129, 130 (2d Cir.2006). We assume the parties' familiarity with the underlying facts, the procedural history and the issues on appeal.

Where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion, we review the IJ's decision. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review questions of law *de novo, see Khouzam v. Ashcroft*, 361 F.3d 161, 164 (2d Cir.2004), and factual findings, including adverse credibility determinations, under a substantial evidence standard, *see, e.g., Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *see also* 8 U.S.C. § 1252(b)(4)(B) (providing that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). Our review for substantial evidence involves "look[ing] to see if the IJ has provided 'specific, cogent' reasons for the adverse credibility finding and whether those reasons bear a 'legitimate nexus' to the finding." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004) (quoting *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003)). That review is "highly deferential," *Zhou Yi Ni v. U.S. Dep't of Justice*, 424 F.3d 172, 174 (2d Cir.2005); *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005); *Jin Hui Gao*, 400 F.3d at 964, and "is designed to ensure merely that 'credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice.'" *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 157 (2d Cir.2006) (quoting *Zhou Yun Zhang*, 386 F.3d at 74).

In his brief on appeal to the BIA, Ndolo failed to dispute the denial of his application for CAT relief, and we therefore lack jurisdiction to review that claim. *See* 8 U.S.C. § 1252(d)(1) (allowing a court to review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right"); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) ("[W]e require '[p]etitioner to raise *issues* to the BIA in order to preserve them for judicial review.'" (quoting *Cervantes–Ascencio v. INS*, 326 F.3d 83, 87 (2d Cir.2003) (emphasis and second alteration in original))). Ndolo did, however, raise arguments concerning the IJ's denial of his applications for asylum and withholding of removal, and, accordingly, we have jurisdiction to review those claims.

The IJ found that Ndolo's testimony was "unreliable." The IJ failed, however, to provide " 'specific, cogent' reasons" for that finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida -Rosales*, 331 F.3d at 307). Instead, the IJ referred to the "evasive" and "embellished" nature of Ndolo's testimony without identifying any specific instances of evasiveness or embellishment. *See Secaida–Rosales*, 331 F.3d at 307–08.

Further, the IJ did not point to anything in the record that supported his speculative conclusion that it was "clearly nonsensical" that Ndolo and his girlfriend were attacked on the way to her medical appointment. *See Xiao Ji Chen*, 434 F.3d at 157. The IJ's finding that it was "clearly improbable" that Farida's family would have "tak[en] any actions against the store or against [Ndolo] because of his religion" is similarly flawed.

The IJ also questioned whether Ndolo's captors were "local authority or whether they were friends of the family or the father that were out to get him." The IJ never seemed, however, to discredit Ndolo's testimony that the "police people" locked him in a "small cell" at the Kasuri police station. According to Ndolo's testimony, he was, while at the police station, denied access to a lawyer, fed food that caused him to vomit, made to carry human excrement with or without the use of a bucket, forced to stand in awkward positions for prolonged periods, and kicked and beaten. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004) (explaining that persecution can include non-life threatening physical abuse). Even if the Kasuri police beat and detained Ndolo in part because they were aligned with Farida's father, that would not preclude Ndolo from establishing eligibility for asylum. *See In re S–P–*, 21 I. & N. Dec. 486, 489–90 (BIA 1996) ("[A]n applicant does not bear the unreasonable burden of establishing the exact motivation of a 'persecutor' where different reasons for actions are possible" (internal quotation marks omitted)).

In light of the aforementioned errors in the IJ's reasoning, we find that substantial evidence did not support the IJ's decision.[1]

For the foregoing reasons, the petition for review is DISMISSED in part with respect to Ndolo's application for relief under the CAT and GRANTED in part with respect to Ndolo's applications for asylum and withholding of removal. The decision of the BIA is VACATED in part with respect to Ndolo's applications for

---

1. We note that the IJ commented that "[t]here is no reason to believe that the individual could not, in fact, be able to resettle in the south even in Lagos or somewhere else" and that "it would be best for him to have left [his love interest] and made his way to another place in Nigeria as the Court had pointed out in Lagos or Enugu back where his wife was." It is not clear whether the IJ meant to find that Ndolo would reasonably have been able to leave the Kano region and relocate safely elsewhere within Nigeria, which would make him ineligible for asylum. *See INS v. Orlando Ventura*, 537 U.S. 12, 18, 123 S.Ct. 353, 154

asylum and withholding of removal, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

L.Ed.2d 272 (2002); *see also* 8 C.F.R. § 208.13(b)(1)(i)(B).

